| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**51 Chapman Ridge Road, Cornville, ME 04976** |
| **David W. Allen, Grace E. Allen, and Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc.** | **Mortgage:**<br>**May 26, 2012**<br>**Book 4535, Page 129** |
| **Defendants** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, David W. Allen and Grace E. Allen, as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, David W. Allen, is the obligor and the total amount owed under the terms of the Note is Two Hundred Twenty-Seven Thousand Three Hundred Twelve and 25/100 ($227,312.25) Dollars, plus attorney fees and

costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 5600 Granite Parkway, Plano, TX 75024.

5. The Defendant, David W. Allen, is a resident of Cornville, County of Somerset and State of Maine.

6. The Defendant, Grace E. Allen, is a resident of Cornville, County of Somerset and State of Maine.

7. The Defendant, Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc., is located at 1818 Library Street, Suite 300, Reston, VA 20190.

## FACTS

8. On December 29, 2003, by virtue of a Warranty Deed from Elizabeth A. French, formerly known as Elizabeth A. Brown, which is recorded in the Somerset County Registry of Deeds in **Book 3252, Page 300**, the property situated at 51 Chapman Ridge Road, County of Somerset, and State of Maine, was conveyed to the Defendants, David W. Allen and Grace E. Allen, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On May 26, 2012, the Defendant, David W. Allen, executed and delivered to Quicken Loans, Inc. a certain Note in the amount of $137,700.00. Defendants, David W. Allen and Grace E. Allen's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed

which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on May 26, 2012, the Defendants, David W. Allen and Grace E. Allen, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Quicken Loans, Inc., securing the property located at 51 Chapman Ridge Road, Cornville, ME 04976 which Mortgage Deed is recorded in the Somerset County Registry of Deeds in **Book 4535**, **Page 129**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated August 10, 2017 and recorded in the Somerset County Registry of Deeds in **Book 5202**, **Page 155**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated September 6, 2017 and recorded in the Somerset County Registry of Deeds in **Book 5220**, **Page 1** (here with a Power of Attorney from Quicken Loans, Inc. to Seterus, Inc.). *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On April 18, 2019, the Defendants, David W. Allen and Grace E. Allen, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, David W. Allen and Grace E. Allen, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

15. The Defendants, David W. Allen and Grace E. Allen, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

19. The total debt owed under the Note and Mortgage as of July 5, 2019 is Two Hundred Twenty-Seven Thousand Three Hundred Twelve and 25/100 ($227,312.25) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $137,200.62 |
| Interest | $46,858.49 |
| Escrow Advance | $28,620.94 |
| Deferred Late Charges | $443.04 |
| Corporate Advance | $14,189.16 |
| Grand Total | $227,312.25 |

20. Upon information and belief, the Defendants, David W. Allen and Grace E. Allen, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

21. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure respecting a real estate related Mortgage and title located at 51 Chapman Ridge Road, Cornville, County of Somerset, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

24. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

25. Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc. is a Defendant pursuant to a Mortgage in the amount of $63,000.00 dated February 28, 2006, which is recorded in the Somerset County Registry of Deeds in **Book 3643, Page 334**, and was incorrectly discharged pursuant to a Discharge of Mortgage by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for IXIS 2006-HE2 dated November 14, 2006 and recorded in the aforementioned Registry of Deeds in **Book 3784, Page 182**, which, upon information and belief, has been paid in full and should have been correctly discharged.

26. The Defendants, David W. Allen and Grace E. Allen, are presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

27. The total debt owed under the Note and Mortgage as of July 5, 2019 is Two Hundred

Twenty-Seven Thousand Three Hundred Twelve and 25/100 ($227,312.25) Dollars, which

includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $137,200.62 |
| Interest | $46,858.49 |
| Escrow Advance | $28,620.94 |
| Deferred Late Charges | $443.04 |
| Corporate Advance | $14,189.16 |
| Grand Total | $227,312.25 |

28. The record established through the Somerset County Registry of Deeds indicates that there

are no public utility easements recorded subsequent to the Mortgage and prior to the

commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a

foreclosure on said real estate, as affected by Defendants, David W. Allen and Grace E.

Allen's discharge in bankruptcy and, accordingly, this action does not seek any personal

liability on the part of the Defendants, David W. Allen and Grace E. Allen, but only seeks in

rem judgment against the property.

30. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, David W. Allen

and Grace E. Allen, on April 18, 2019, evidenced by the Certificate of Mailing. *See* Exhibit

F.

31. The Defendants, David W. Allen and Grace E. Allen, are not in the Military as evidenced by

the attached Exhibit G.

## COUNT II – EQUITABLE MORTGAGE

32. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1

through 31 as if fully set forth herein.

33. The intent of the Defendants, David W. Allen and Grace E. Allen, and the original lender, Quicken Loans, Inc., on May 26, 2012 was to create a mortgage on the property, commonly known as and numbered as 51 Chapman Ridge Road, Cornville, ME 04976.

34. This intent is shown by the execution of a Promissory Note dated May 26, 2012 to Quicken Loans, Inc. in the amount of $137,700.00.

35. The value given at the time of the transaction was $137,700.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendants, David W. Allen and Grace E. Allen, and Quicken Loans, Inc. on the date of the transaction, May 26, 2012, that a mortgage be granted on the subject property.

36. The aforesaid Promissory Note, specifically references 51 Chapman Ridge Road, Cornville, ME 04976 as the "Property Address."

37. In addition to the aforesaid Promissory Note, Defendants, David W. Allen and Grace E. Allen, also executed a Mortgage on May 26, 2012, which referenced the same property address of 51 Chapman Ridge Road, Cornville, ME 04976 referenced on the aforesaid Promissory Note.

38. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf,* 2014 ME 89, 96 A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 ME 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230 (Me. 2017).

39. This defect is not related to the original execution of the documents, nor the intent of the Defendants, David W. Allen and Grace E. Allen, and Quicken Loans, Inc. but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

40. The issue of an equitable mortgage (or other equitable remedies) is not addressed by

    *Greenleaf*, or its progeny; *See Deschaine, Fn. 2, Fn 4; Pushard Fn 14*.

41. It was the intent of the Defendants, David W. Allen and Grace E. Allen, and Quicken

    Loans, Inc. at the time of the transaction, as to the Note, that is controlling as to the

    Court's interpretation of the imposition of an equitable mortgage.

42. The Plaintiff, Federal National Mortgage Association, is the owner and holder of the

    subject Promissory Note.

43. The Plaintiff, Federal National Mortgage Association, is owner of the equitable interest in the

    aforesaid mortgage but may arguably not be the record owner of said mortgage under the

    *Greenleaf* decision.

44. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock*,

    127 Me. 452, 144 A.383, 386 (Me. 1929).

45. When it is the intent of the parties, at the time of the transaction, that there be a

    mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken,* 71 Me. 567, 570 (1880).

46. The agreement, as memorialized in the various documents referenced herein constitutes

    an equitable mortgage.

47. For justice to be served, and under the facts and circumstances of this matter, the Court

    should, and must, impose an equitable mortgage upon the property. Defendants, David W.

    Allen and Grace E. Allen's personal liability is limited and/or extinguished by the Chapter 7

    bankruptcy filed which resulted in a bankruptcy discharge.

48. The Court's imposition of an equitable mortgage should be under, and pursuant to

    the statutory terms of applicable Maine Law, including, but not limited to, the rights

    of redemption, etc. *See, Seaman v. Seaman,* 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendants, David W. Allen and Grace E. Allen's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, David W. Allen and Grace E. Allen, but only seeks in rem judgment against the subject property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Impose and enforce an equitable mortgage upon the subject property commonly known as and numbered 51 Chapman Ridge Road, Cornville, ME 04976 for the benefit of the Plaintiff;

d) Order a discharge of the Mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc. in the amount of $63,000.00, dated February 28, 2006 and recorded in the Somerset County Registry of Deeds in **Book 3643, Page334**.

e) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: June 18, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com