UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>　　　　Plaintiff<br><br>v.<br><br>DAVID W. ALLEN AND GRACE E. ALLEN; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ACCREDITED HOME LENDERS, INC.<br><br>　　　　Defendants | 1:19-cv-00277-LEW |

## JUDGMENT OF FORECLOSURE AND SALE

**Address:  51 Chapman Ridge Road, Cornville, ME 04976**
**Mortgage:  May 26, 2012, Book: 4535, Page:129**

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on November 22, 2019.  Plaintiff, Federal National Mortgage Association, was present and represented by John A. Doonan, Esq.  Defendants, David W. Allen and Grace E. Allen, did not appear and the plaintiff's counsel (1 witness and several exhibits) were uncontested.   This document constitutes my findings of fact and conclusions of law in accordance with Fed.R.Civ.P.52.

**FACTS**

　　1.　　The plaintiff owns the mortgage on the property located at 51 Chapman Ridge Road, Cornville, Maine, pursuant to valid assignments, Exhibits 3 and 4.

2. The Plaintiff is the owner and holder of the Note executed by the defendant, David W. Allen and the Note is secured by the mortgage executed by both defendants. I examined the original Note at the trial and admitted a copy as Exhibit 1.

3. The Note has been breached due to nonpayment resulting in default, and that default caused a breach of the mortgage.

4. The plaintiff sent a proper notice of default and right to cure in accordance with 14 M.R.S.A. § 6111 (Exhibit 5).

5. The Complaint with proper identification of the property was recorded in the Somerset County Registry of Deeds.

6. All parties received notice under the Federal Rules of Civil Procedure.

7. The defendants are not in the military service.

8. The court has jurisdiction based upon diversity of citizenship, 28 U.S.C. § 1332.

## **JUDGMENT**

Count II (Equitable Mortgage) is dismissed without prejudice. Judgment on Count I (Foreclosure) is hereby **ENTERED** as follows:

1. If the Defendants or their heirs or assigns pay Federal National Mortgage Association ("Fannie Mae') the amount adjudged due and owing ($233,164.65) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, Plaintiff shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket. The following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Unpaid Principal Balance | $233,164.65 |
| Total Interest | $48,682.62 |
| Corporate Advance | $17,664.99 |
| Escrow Advance | $29,616.42 |
| **Grand Total** | **$233,164.65** |

2. If the Defendants or their heirs or assigns do not pay Plaintiff the amount adjudged due and owing ($233,164.65) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, their remaining rights to possession of the Cornville Property shall terminate, Plaintiff shall conduct a public sale of the Cornville Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $233,164.65 after deducting the expenses of the sale, with any surplus to the Defendants or the heirs or assigns, in accordance with 14 M.R.S.A. § 6324. Plaintiff <u>may not</u> seek a deficiency judgment against the Defendants pursuant to the Defendant's discharge in bankruptcy.

3. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

4. The amount due and owing is $233,164.65.

5. Federal National Mortgage Association has first priority, in the amount of $233,164.65, pursuant to the subject Note and Equitable Mortgage and there are no parties in interest other than the Defendants who have second priority.

6. Entry of the judgment also confirms the discharge of the Mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home

Lenders, Inc. in the amount of $63,000.00, recorded in the Somerset County Registry of Deeds in Book 3643, Page 334 and discharged at Book 5434, Page 104 and, therefore, they are dismissed from this matter.

    7.    The prejudgment interest rate is 4.99000%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 8.59%, *see* 14 M.R.S.A. §1602-C.

    8.    The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

|  | **PARTIES** | **COUNSEL** |
|---|---|---|
| PLAINTIFF | Federal National Mortgage Association | John A. Doonan, Esq.<br>Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 225D<br>Beverly, MA 01915 |
| DEFENDANTS | David W. Allen<br>43 Chapman Ridge Road<br>Cornville, ME 04976 | Defaulted |
|  | Grace E. Allen<br>43 Chapman Ridge Road<br>Cornville, ME 04976 | Defaulted |

    a)    The docket number of this case is No. 1:19-cv-00277-LEW.

    b)    The Defendants, the only parties to these proceedings besides Fannie Mae, received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 51 Chapman Ridge Road, Cornville, ME 04976, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 51 Chapman Ridge Road, Cornville, ME 04976. The Mortgage was executed by the Defendants on May 26, 2012. The book and page number of the Mortgage in the Somerset County Registry of Deeds is Book 4535, Page 129.

e) This judgment shall not create any personal liability on the part of the Defendants but shall act solely as an in rem judgment against the property, 51 Chapman Ridge Road, Cornville, ME 04976.

**SO ORDERED**

Dated this 25th day of November, 2019.

/s/ Lance E. Walker
United States District Judge